UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Young Min Park<br><br>                    Plaintiff,<br>    v.<br><br>Carnegie Hill Cleaners, Central Park West Cleaners Inc. and Se Won Kim<br><br>                    Defendants, | Index No. 19-CV-6768<br><br>**COMPLAINT** |

Plaintiff, Young Min Park, through his attorneys, for his Complaint against Carnegie Hill Cleaners, Central Park West Cleaners Inc. and Se Won Kim ("Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.     This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), and the New York Labor Law ("NYLL"), N. Y. Lab. Law §650 et seq. for Defendants' failure to pay overtime compensation to Plaintiff. During the course of his employment by Defendants, Plaintiff regularly worked over ten (10) hours per day and over forty (40) hours per week. Defendants did not pay his overtime wage properly and they never compensated Plaintiff with the spread of hours pay. Plaintiff further alleges that Defendants' failure to pay overtime wages is willful and intentional.

### THE PARTIES

2.     Plaintiff was at all times relevant hereto an employee of Defendants.

3.     Plaintiff was at all times relevant hereto an individual employed in the State of New York by Defendants.

1

4.      Plaintiff was at all times relevant hereto residing in the State of New York.

5.      Plaintiff was at all times relevant hereto a non-exempt employee within the meaning of the FLSA and NYLL, and the implementing rules and regulations of the FLSA and NYLL.

6.      Plaintiff is filing this FLSA claim as an individual action for himself.

7.      For the period commencing from or about October 13, 2014, until July 30, 2016, Plaintiff Young Min Park regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of ten (10) hours per day and forty (40) hours per week.

8.      Plaintiff began his work at 8 a.m. and ended at 7 p.m. from Monday to Friday. On Saturdays he began his work at 8 a.m. and ended at 6 p.m. He regularly worked for 10-11 hours a day and about 65 hours per week.

9.      Initially Plaintiff was paid $650.00 per week in cash without overtime compensation or spread of hours pay. In about April 2015, his pay rate was increased to $670.00 per week. In about October 2015, it was raised to $700.00 per week, and it was raised to $750.00 in about April 2016 until July 30, 2016.

10.     Plaintiff's primary duties were ironing, pressing, stocking, greeting customers, answering phone calls, processing creditcard payments for customers, tagging and sorting garments once customers dropped off, bagging, invoicing and processing payment etc.

11.     Plaintiff performed for Defendants the said hours of work as an expressed condition of his continued employment.

12.     Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

13.     Plaintiff performed manual labor for Defendants.

14. Plaintiff was assigned to the said manual labor by Defendants.

15. Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendants.

16. Plaintiff did not have to supply his own tools or equipment in connection with his work for Defendants.

17. Plaintiff was required to report to work for Defendants at a certain time.

18. Plaintiff could not set his own hours of work for Defendants.

19. Plaintiff was not compensated at the proper overtime rate for hours worked in excess of forty (40) hours per week.

20. Defendant Se Won Kim is and was at all relevant times hereto engaged in the business of Dry Cleaners.

21. The defendants, Carnegie Hill Cleaners and Central Park West Cleaners Inc., are and were at all relevant times hereto engaged in interstate commerce.

22. The Defendant Se Won Kim ("Kim"), managed, supervised, established and administered the terms and conditions of Plaintiff's employment.

23. Defendant Kim participated in and approved of the unlawful pay practices of the business Carnegie Hill Cleaners and Central Park West Cleaners Inc. in New York, NY.

24. Kim was involved in assigning work to Plaintiff.

25. Kim had the power and authority to discipline Plaintiff.

26. Kim exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

27. Kim hired Plaintiff.

28. Kim was in charge of paying employees.

29. Kim told Plaintiff where to work and when to work.

30. Kim employed Plaintiff to do work for them in the State of New York.

31. Defendant, during all relevant times, was subject to the FLSA due to the nature of his business and revenues earned which was over $500,000.

32. Kim provided the tools, equipment, and materials for Plaintiff to do his job for Defendant.

33. Kim held Plaintiff out as an employee.

34. Kim employed and paid Plaintiff as their employee.

35. Kim is employer within the meaning of the term as defined in the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the NYLL.

36. Defendants never obtained legal advice or counsel that their overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

37. Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

38. No exemption from overtime applies or applied to Plaintiff when he works or worked more than 40 hours in a workweek for Defendants.

39. Defendants failed to pay Plaintiff overtime premium for all hours worked in excess of 40 hours per workweek.

40. Defendants' failure to pay Plaintiff at the proper overtime rate was intentional and willful.

41. Defendants Carnegie Hill Cleaners and Central Park West Cleaners Inc. are New York corporations and are enterprises as defined in Section 3(r)(1) of the FSLA, 29

U.S.C. §203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

42. Upon information and belief, Carnegie Hill Cleaners and Central Park West Cleaners Inc. have been, at all relevant times, enterprises engaged in commerce within the meaning of the FLSA in that it (i) had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and its (ii) annual gross volume of sales or business is not less than $500,000.

43. Defendants Carnegie Hill Cleaners and Central Park West Cleaners Inc. at all relevant times, were employers as defined by the FLSA and NYLL.

44. Defendant Kim is a citizen of the state of New Jersey and the owners of Defendants Carnegie Hill Cleaners and Central Park West Cleaners Inc.

## JURISDICTION AND VENUE

45. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

## COUNT I
## FAIR LABOR STANDARDS ACT
### Overtime Wages

46. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

47. This count arises from Defendants' repeated violation of the Fair Labor Standards Act, 29 U.S.C. §201. *et. seq.,* and for their failure to pay overtime wages to Plaintiff for all hours worked.

48. For the period commencing from or about October 13, 2014, until July 30, 2016, Plaintiff Young Min Park regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of ten (10) hours per day and forty (40) hours per week.

49. Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

50. Plaintiff was directed by Defendants to work and did so work, in excess of forty (40) hours per week.

51. Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at a rate of one and one-half times his regular rate of pay.

52. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

53. Defendants' failure and refusal to pay overtime premium at one and one-half times Plaintiff's rate of pay for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

54. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week.

   **WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A.    A judgment in the amount of one-half times Plaintiff's regular rate for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.    Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.    Reasonable attorney's fees and costs incurred in filing this action; and

D.    Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of NYLL - Overtime Wages

55.    All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

56.    This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

57.    The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the 12 NYCRR §142-2.2.

58.    Pursuant to 12 NYCRR §142-2.2, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

59.    Defendants failed to compensate Plaintiff's overtime wages for hours worked in excess of forty (40) in individual workweeks.

60.    Defendants violated the NYLL overtime wage law by not compensating Plaintiff's overtime wages for hours worked in excess of forty (40) in individual workweeks.

61.     Defendants willfully violated the NYLL overtime wage law by refusing to compensate Plaintiff at one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A.  A judgment in the amount of unpaid overtime wages for all hours worked

B.  Pre-judgment interest pursuant to N.Y.C.P.L.R. §§ 5001, 5004;

C.  Liquidated damages pursuant to the formula set forth in 19 NYLL 662;

D.  Reasonable attorney's fees and costs incurred in filing this action; and

E.  Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Spread of Hours

62.     Under New York State law, the "spread of hours" is the number of hours from the time that an employee started working on a particular day until the time that he or she stopped working for that day. New York State law requires that an employer pay an employee one (1) extra hour of pay at the minimum wage for each day that employee works an interval of more than ten (10) hours.

63.     Plaintiff regularly worked a "spread of hours" greater than ten (10) hours per day.

64.     Defendants never paid Plaintiff any additional compensation for working a "spread of hours" exceeding ten (10) hours per day.

65.     Defendants knowingly and willfully failed to pay Plaintiff any additional compensation for working a "spread of hours" exceeding ten (10) hours per day as required by the New York State labor regulations.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid spread of hours for all number of days he worked more than ten (10) hours in a day;

B. Pre-judgment interest pursuant to N.Y.C.P.L.R. §§ 5001, 5004;

C. Liquidated damages pursuant to the formula set forth in 19 NYLL 662;

D. Reasonable attorney's fees and costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Time of Hire Wage Notice Requirement

66. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

67. The NYLL requires employers to provide a written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of the minimum wage, including tip, meal, or lodging allowances; the regular payday designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

68. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law §195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related

9

to the rate of pay, regular pay cycle and rate of overtime at their time of hire or their first day of employment.

69. Defendants not only failed to provide notice to each employee at Time of Hire but also failed to provide notice to plaintiff even after the fact.

70. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law §198(1-b).

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A. An award of damages for Defendants' failure to provide wage notice at the time of hire as required under the New York Labor Law;

B. Reasonable attorney's fees and costs incurred in filing this action; and

C. Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Pay Stub Requirement

71. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

72. The NYLL and supporting regulations require employers to provide detailed pay stub information to employees every payday. NYLL §195-1(d).

73. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of plaintiff and did not provide the paystub on or after Plaintiff's payday.

74. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 together with costs and attorneys' fees pursuant to New York Labor Law §198(1-d).

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A. An award of damages for Defendants' failure to provide pay stubs as required under the New York Labor Law;

B. Reasonable attorney's fees and costs incurred in filing this action; and

C. Such other and further relief as this Court deems appropriate and just.

## JURY TRIAL

A jury trial is demanded on all Counts.

Respectfully submitted,

Dated: December 2, 2019

    /s/ Ryan Kim
Ryan J. Kim

Ryan J. Kim, Esq.
Ryan Kim Law
163-10 Northern Blvd. Suite 205
Flushing, NY 11358
ryan@RyanKimLaw.com